STATE OF MAINE  SUPERIOR COURT
Cumberland, ss Civil Action
Docket No. RE-04-042

PAUL A. NIEHAUS and
ROBERTA J. NIEHAUS,
            Plaintiffs

v.                                    **DECISION AND ORDERS ON**
                                      **THE PARTIES MOTIONS FOR**
                                      **SUMMARY JUDGMENT**

PETER J. BUSQUE,
            Defendant and
            Third-Party Plaintiff

v.

CARL E. BURNHAM,
            Third-Party Defendant

This case is before the court on multiple motions by the parties for summary

judgment:

    1. Plaintiffs' Motion for Partial Summary Judgment;[1]

    2. defendant's Amended Motion for Summary Judgment;[2] and,

    3. third-party defendant, Carl Burnham's Motion for Summary Judgment.

## I. BACKGROUND

By deed of James Hamilton dated December 1, 1949, Delmont R. Hawkes

obtained title to Lot 70,[3] a woodlot located in Standish. Thereafter, Hawkes conveyed

---

[1] The plaintiff's statements of material fact actually consisted of statements of legal conclusions.

[2] Plaintiffs filed a Motion to Amend their Motion for Summary Judgment. The motion is granted because the amended summary judgment motion merely adds pinpoint citations and corrects grammatical mistakes.

1



title to Lot 70 to plaintiffs Paul A. and Roberta J. Niehaus by deed dated August 28, 1973.[4] By warranty deed dated August 29, 2002, defendant and third-party plaintiff Peter J. Busque took title of Lots 68 and 69 from third-party defendant Carl E. Burnham.[5] This warranty deed referenced the Proprietor's Range Lot Plan, a subdivision plan created by the original owners of the Town of Standish.

Prior to purchasing Lots 68 and 69, Busque hired surveyor Wayne Wood to survey Lots 68 and 69. In preparing a compass and tape survey at Busque's request, Wood calculated the total acreage of Lots 68 and 69 to be approximately 228 acres. Also while preparing the survey, Wood located a blazed and painted tree line, which he drew through Lot 69 on this survey. The northeasterly end of the blazed and painted tree line contains a monument consisting of a square iron in stones 14" tall. The southwesterly end of the blazed and painted tree line also contains a monument consisting of a 1" iron pipe 30" tall. At a pre-closing meeting with Woods, Busque and Woods could not determine what the blazed and painted line represented, but concluded that line's presence did not matter.

At some point before Hawkes acquired Lot 70, someone clearly fixed the blazed and painted tree line as the boundary line. The Niehaus and Burnham families always regarded this line as the indicator of the boundary line. Indeed, Carl Burnham's grandfather maintained the line by painting the perimeter and Burnham helped his dad repaint and re-blaze the northwesternly portion of the painted and blazed line. Within the last 5 years, Burnham personally re-blazed the painted and blazed line.

---

[3] The plaintiff continually objects to the use of the language "Lot 69 and Lot 70"; however, it is the only means to discuss the land without creating additional confusion. Also, all the maps prepared and submitted to the court label the disputed area within Lot 69.

[4] Hawkes, Roberta's grandfather, also conveyed Lots 71 and 80 to the plaintiffs.

[5] Surveyor Wayne Wood, essentially by request of Burnham's attorney, drafted the legal description used in the August 29, 2002 warranty deed.

2

The land East of the boundary line, referred to as the Hamilton Lot by the Niehaus family, consists of 60-70 acres of property and is the center of the current dispute. This disputed land is comprised of two, non-adjacent parcels divided by a strip of land owned by Maine Central Railroad: a parcel to the North of the railroad tracks and a parcel South of the railroad tracks. The abutters and the Niehaus family, up to this suit, unquestionably believed they owned the disputed property. Carl Burnham, however, had he known that he possibly had record title to the disputed property, would have contacted a lawyer.

In 1962, Hawkes harvested trees from the disputed property for use in his sawmill business. The plaintiffs do not know whether Hawkes performed any pruning work on the disputed area. Also, the plaintiffs cannot be certain if Hawkes maintained the blazed and painted line, yet he preserved other boundary lines, so it would have been unusual if Hawkes did not maintain the blazed and painted line. Hawkes never used the disputed land for recreation.

Between 1973, when the plaintiffs acquired Lot 69, and in 1979, when they settled in Maine, they visited the disputed property about 10 times.[6] In 1986, the plaintiffs harvested trees on the southern parcel of the disputed property; a logger paid the plaintiffs for the harvested timber. After this harvest, Paul Niehaus smoothed the logging road located on the disputed property, girdled and pruned the trees, and treated stumps with herbicide. These tasks took Niehaus approximately three years to complete. Roberta Niehaus sometimes accompanied Paul on the pruning trips and occasionally picked blueberries. After 1990, Paul Niehaus did not perform any additional pruning work on either the northern or southern parcels of the disputed

---

[6] Roberta Niehaus, Hawkes's grand-daughter, first remembers visiting the disputed property with Hawkes in the 1960's or 70's.

property.

In 1996 or 1999, the plaintiffs harvested timber from the northern parcel of the disputed property. After this harvest, Paul Niehaus treated stumps on the northern parcel with herbicide, completing the work in 1999 or 2000. Since that time, the plaintiffs visit the disputed property at least annually to evaluate the results of their pruning and herbicide efforts. Paul Niehaus has painted and maintained the blazed and painted line.

Paul Niehaus granted a snowmobile club permission to cross the disputed property, but it appears that perhaps not all the people snowmobiling on the disputed property asked permission to use the land. It also seems that Niehaus never demanded that this latter group leave the disputed property, nor did he ever expel occasional walkers or hikers from the land.

During the summer of 2003, Peter Busque hired logger William Day to harvest timber on land that Busque considered to be Lots 68 and 69. While cutting Lots 68 and 69, Day encountered the painted and blazed line. Day contacted Busque and inquired whether Day should continue to cut northwest of the line. Day suggested that Busque contact the abutters regarding the line. Busque instead contacted Wood and requested that he reevaluate the area. Following Wood's reevaluation, Busque instructed Day to resume cutting northwest of the painted and blazed line up to the northwesterly boundary line of Lot 69 as identified by Wood on his compass and tape survey.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's*

4

*Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When "determining whether to grant or deny a motion for a summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statements of material fact]." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A. 2d 933, 938 (internal quotations omitted) (citations omitted). Finally, in response to a defendant's motion for a summary judgment on any claim, "a plaintiff having the burden of proof at the trial must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. To do this, the plaintiff must establish a *prima facie* case for each element of the cause of action." *Northeast Coating Techs. v. Vacuum Metallurgical Co.*, 684 A.2d 1322, 1324 (Me. 1996).

## B. PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs moved for summary judgment on Counts II, III, IV and V. Counts II and III request a declaration that the plaintiffs acquired title to the disputed land by adverse possession; plaintiffs base Count II on 14 M.R.S.A. § 815 (Forty years' possessionbars action for recovery of land) and Count III on the common law.

Count IV and V request a declaration that the plaintiffs established a boundary with the defendant by acquiescence and practical location, respectively.

Finally, plaintiffs move for summary judgment on defendant's counterclaim Count I, which requests a declaration that the defendant owns the disputed land.

### 1. Adverse Possession

A party claiming title by adverse possession pursuant to the common law must

5

prove their "possession and use of the property were: (1) actual; (2) open; (3) visible; (4) notorious; (5) hostile; (6) under a claim of right; (7) continuous; (8) exclusive; and (9) of a duration exceeding the twenty-year limitations period." *Striefel v. Charles-Keyt-Leaman Pshp.*, 1999 ME 111, ¶ 6, 733 A.2d 984, 989. Similarly, a party claiming title pursuant to 14 M.R.S.A. § 815 must prove that the possession and use was actual, adverse, open, peaceable, notorious, exclusive, and under a claim of right for a period of more than 40 years. 14 M.R.S.A. § 815 (2005). "Whether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." *Striefel*, 1999 ME 111, ¶ 6, 733 A.2d at 989. Aside from the durational requirement, analyzing the adverse possession elements is the same whether the party claims title pursuant to statute or the common law. *See Maine Gravel Servs. v. Haining*, 1998 ME 18, n.4, 704 A.2d 417, 418.

Here, the defendant raises a genuine issue of material fact regarding the plaintiffs' continuous and exclusive use under a claim of right for the requisite time period. Continuous use means "occurring without interruption" but "requires only the kind and degree of occupancy (i.e., use and enjoyment) that an average owner would make of the property." *Striefel*, 1999 ME 111, ¶ 16, 733 A.2d at 993. "Exclusive possession and use means that the possessor is not sharing the disputed property with the true owner or public at large." *Id.* Finally, under a claim of right "means that the claimant is in possession as owner, with intent to claim the land as [his] own, and not in recognition of or subordination to [the] record title owner." *Id.* (internal quotations omitted) (citation omitted). Payment of taxes upon the disputed land is evidence of a claim of title. *Holden v. Page*, 107 A. 492, 494 (Me. 1919).

Plaintiffs contend that Hawkes' use of the disputed property resolves any issue

regarding continuous use. In actuality, there remains a demonstrative lack of specific evidence concerning Hawkes' use of the disputed property because the only concrete evidence regarding his use is the 1962 timber harvest. Moreover, the 1962 harvest lacks admissible evidence of duration, quality or quantity of tress harvested. The record lacks also evidence of Hawkes subsequently pruning or girdling the trees, spraying herbicide on the stumps or using the disputed property for any reason. Finally, the record lacks evidence of Hawkes using the property for recreation.

Hawkes did not convey the disputed property to the plaintiffs until 1973, 11 years after the timber harvest. The record is devoid of evidence of any or exclusive use of the disputed property in that time period, and consequently, the plaintiffs may not have demonstrated continuous and exclusive use for 40 years. *See Maine Gravel Servs.*, 1998 ME 18, ¶¶ 4-8, 704 A.2d at 418-19 (holding that evidence of substantial logging with cord piles visible to the neighbors, clearing a picnic area, building a cabin, regular recreation and paying taxes on the disputed property demonstrated continuous use). Summary judgment as to the statutory adverse possession claim must be denied.

Similarly, the plaintiffs cannot show continuous and exclusive use of the disputed property for 20 years. The plaintiffs filed this action in 2004, requiring a showing of continuous and exclusive use since 1984. The first concrete use of the land, however, occurred in 1986, with the timber harvest on the northern parcel of the disputed property. The subsequent pruning, girdling and herbiciding on the northern parcel continued until 1990. The first occurrence of use on the southern parcel, also a timber harvest, happened in 1996 or 1999. This fractionalized use of the parcels may not be indicative of continuous use of the *entire* disputed property.

Although the plaintiffs attempt to strength their adverse possession claim by vaguely stating they enjoying hiking, walking and bird watching on the disputed

7

property, the frequency with which they engage in the activities lacks any specificity. Regular recreation combined with other acts of possession, such as substantial timber harvests and paying taxes, may demonstrate the kind and degree of use and enjoyment that an average owner would make of the disputed property. *See Maine Gravel Servs.*, 1998 ME 18, ¶ 7, 704 A.2d at 419. General assertions of recreation combined with occasional and fractionalized timber harvests may not demonstrate continuous use.

Furthermore, the plaintiffs cannot demonstrate exclusive use for 20 years. Although Paul Niehaus granted permission to a snowmobile club to use the disputed property, a factual issue exists whether all the people snowmobiling on the property belonged to the club. If not, then the plaintiffs' lack of expulsion possibly demonstrates sharing the land with the public, and therefore, does not display exclusive use of the disputed land. Also, the plaintiffs never stopped the occasional person from taking walks on the disputed property. This too, may demonstrate sharing the land with the public, and therefore does not display exclusive use of the disputed land by the plaintiffs.

Finally, a genuine issue of material fact exists whether the plaintiffs possessed the disputed property under a claim of right. Paul Niehaus admits that he does not know if he paid taxes on the disputed property, and in fact, it appears from his deposition testimony that part of the disputed property may be located on a tax lot on which he definitely does not pay taxes. Payment of taxes evidences claim of title and because the defendant indicated that the plaintiffs have not demonstrated paying taxes on the disputed land, summary judgment should not be granted on the common law adverse possession claim.

## 2. Boundary by Acquiescence

To establish a boundary by acquiescence, a party must prove:

(1) possession up to a visible line marked clearly by monuments, fences or the like;

(2) actual or constructive notice to the adjoining landowner of the possession;

(3) conduct by the adjoining landowner from which recognition and acquiescence not induced by fraud or mistake may be fairly inferred;

(4) acquiescence for a long period of years such that the policy behind the doctrine of acquiescence is well served by recognizing the boundary.

*Anchorage Realty Trust v. Donovan*, 2004 ME 137, ¶ 11, 880 A.2d 1110, 1112. (citation omitted). Establishing a boundary by acquiescence "requires proof by clear and convincing evidence." *Id.* "Evidence is considered to be clear and convincing when it place[s] in the ultimate fact[-]finder an abiding conviction that the truth of [the party with the burden of proof's] factual contentions are highly probable." *Id.* (internal quotations and citation omitted).

In this case, the plaintiffs provided evidence tending to prove all elements of boundary by acquiescence. The defendant, however, presented evidence in opposition to the plaintiffs motion for summary judgment that Burnham's conduct in recognizing the alleged possession may have been induced by mistake. According to the defendant, mistakes made by a surveyor in the 1800's and 1920's caused the creation of the blazed and painted boundary line. Burnham also stated that had he known that he possessed record title beyond the blazed and painted line, he would have contacted an attorney. Based on the evidence presented by the defendant, it is difficult to infer that Burnham's acquiescence to the painted and blazed line was not induced by mistake.

## 3. Boundary by Practical Location

The rule of boundary by practical location is:

Where adjoining owners deliberately erect monuments, fences, or make improvements on a line between their lands on the understanding that it is the true line, it amounts to a practical location .... A practical location may be along a wrong line, and either of the parties so making may be estopped to claiming to the true line, especially when acquiesced in over a long period of years."

9

*Calthorpe v. Abrahamson*, 441 A.2d 284, 288 (Me. 1982) (citation omitted). Boundary by practical location, unlike boundary by acquiescence, requires "proof of an agreement to locate and fix a boundary on a certain line". *Id.* (citation omitted).

Although the plaintiff argues that the Burnham and Niehaus families always recognized the painted and blazed line as the boundary, the defendant contends that the plaintiffs failed to supply the court with any proof of an agreement to locate and fix the boundary as the blazed and painted line. Indeed, neither party knows when or who fixed the blazed and painted tree line. Acquiescence to the blazed and painted tree line, created at some unknown point in time, simply does not establish a boundary by practical location. Summary judgment on this count should be denied.

**4. Defendant's Quiet Title Claim**

Finally, plaintiffs argue that the court should grant summary judgment in their favor on defendant's quiet title claim because the plaintiffs acquired title to the disputed property by adverse possession. As discussed above, there remain genuine issues of material fact regarding the adverse possession claims, and therefore, summary judgment cannot be granted.

**B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendants moved for summary judgment as to all of the plaintiffs' claims,[7] defendant's claim to quiet title against the plaintiffs and as to defendant's claims contained in the third-party complaint.

---

[7] Plaintiffs' claims are: (1) Declaratory judgment: adverse possession pursuant to 14 M.R.S.A. § 816; (2) Declaratory judgment: adverse possession pursuant to 14 M.R.S.A. § 815; (3) Declaratory judgment: common law adverse possession; (4) Declaratory judgment: boundary by acquiescence/mutual recognition; (5) Declaratory judgment: practical location; (6) Declaratory judgment: unwritten agreement; and (7) Trespass pursuant to 14 M.R.S.A. §§ 7552, 7552-A.

## 1. Plaintiff's Adverse Possession Claims

In addition to the adverse possession claims discussed above,[8] the plaintiff seeks a declaration that they acquired title by adverse possession pursuant to 14 M.R.S.A. § 816. In relevant part, § 816 provides:

> No real or mixed action for the recovery of uncultivated lands or of any undivided fractional part thereof . . . shall be commenced or maintained against any person . . . when such person or those under whom he claims have, continuously for the 20 years next prior to the commencement of such action or the making of such entry, claimed said lands or said undivided fractional part thereof under recorded deeds; and have, during said 20 years, paid all taxes assessed on said lands or on such undivided fractional part thereof . . . and have, during said 20 years, held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands or of undivided fractional parts of such lands in this State.

14 M.R.S.A § 816 (2005). The defendant argues that because the plaintiffs could not demonstrate paying taxes on the disputed property, summary judgment on plaintiffs' count I should be entered in the defendant's favor. The plaintiffs dispute this, contending that although they always paid the property taxes, it is questionable what property is included in the assessment because the Town has not surveyed the tax lots.

Furthermore, plaintiffs may have acquired title by adverse possession pursuant to § 816 because "[w]hether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." *Striefel*, 1999 ME 111, ¶ 6, 733 A.2d at 989. Thus, whether the timber harvests, the plaintiffs' occasional recreational use of the disputed property and the other factors satisfy § 816 remains a question for the fact-finder.

---

[8] It is possible that, although the defendant raised a genuine issue of material fact, the plaintiffs acquired title to the disputed property by *common law* adverse possession because "[w]hether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." *Striefel*, 1999 ME 111, ¶ 6, 733 A.2d at 989.

11

Summary judgment in favor of the defendant on plaintiffs' Count II, adverse possession pursuant to 14 M.R.S.A. § 815, is appropriate. As previously noted, section 815 requires that the possession and use was actual, adverse, open, peaceable, notorious, exclusive, and under a claim of right for a period of more than 40 years. Again, as previously mentioned, Hawkes did not convey the disputed property to the plaintiffs until 1973, 11 years after the 1962 timber harvest. The record is devoid of evidence of any or exclusive use of the disputed property in that time period. Furthermore, there is a demonstrative lack of specific evidence concerning Hawkes' use of the disputed property other than 1962 timber harvest.

Although the court must consider the nature and uses of the land when considering an adverse possession claim, certainly an 11-year gap of apparent inactivity preceded by inactivity cannot satisfy the requirements of section 815. This lack of use is not the "kind and degree . . . [of] use and enjoyment to be expected of the average owner of such property." *Maine Gravel Servs.*, 1998 ME 18, ¶ 7, 704 A.2d at 419. Unlike *Maine Gravel Services*, to which plaintiffs claim their case resembles, the plaintiffs have not provided evidence of substantial logging or regular recreation and paying taxes on the disputed property for 40 years. Consequently, plaintiffs cannot establish a prima facie case of title acquired by adverse possession pursuant to 14 M.R.S.A. § 815.

**2. Plaintiffs' Boundary Claims**

Busque argues that the court should enter summary judgment in his favor on plaintiff's boundary by acquiescence claim. As discussed *supra*, a genuine issue of material fact exists whether a mistake induced Burnham's acquiescence to the boundary line. Summary judgment on Count IV must be denied.

Summary judgment in favor of the defendant on plaintiffs' boundary by practical location and boundary by unwritten agreement claims is in order. Again, as discussed

12

*supra*, the plaintiffs did not provide proof of an agreement to locate and fix a boundary as the blazed and painted line. The plaintiffs have not argued that such an agreement existed; rather they contend that the Niehaus and Burnham families' acquiescence and recognition of the blazed and painted tree line demonstrates boundary by practical location. Boundary by practical location, however, requires "proof of an agreement to locate and fix a boundary on a certain line." *Calthorpe*, 441 A.2d at 288. The plaintiffs did not establish a *prima facie* case of boundary by practical location and summary judgment should be granted in favor of the defendant on Count V.

As a matter of law, summary judgment on Count VI must be granted in favor of the defendants. In this claim, the plaintiffs seek a declaration establishing the boundary as the blazed and painted line by unwritten agreement. A diligent search of such a cause of action has not produced any precedent for this point. Also, it seems that boundary by unwritten agreement is synonymous with boundary by acquiescence. Because the plaintiffs cannot establish a *prima facie* case that a cause of action does not exist, summary judgment will be granted in favor of the defendant on Count VI.

### 3. Plaintiffs' Trespass Claim, Defendant's Claim to Quiet Title and Third-Party Plaintiff's Claims[9]

For resolution of all these actions, there must be a determination whether the plaintiffs acquired title by adverse possession. As such, defendant's summary judgment motion should be denied as to these claims.

### C. THIRD-PARTY DEFENDANT CARL BURNHAM'S MOTION FOR SUMMARY JUDGMENT

Defendant Peter Busque, as a third-party plaintiff, filed a five-count complaint

---

[9] Busque's third-party complaint sought relief based on four counts: contribution/indemnification (count 1); breach of contract (count II); breach of warranty (count III); and misrepresentation (count IV). For further discussion on Busque's third-party complaint, see section C.

against third-party defendant Carl Burnham. Busque predicates Burnham's liability on the covenants contained in the August 29, 2002 warranty deed. Burnham filed his motion for summary judgment on September 1, 2005.[10]

Burnham argues that he has not breached the covenants contained in the warranty deed because he conveyed only that portion of Lot 69 up to the blazed and painted line. Burnham contends that the warranty deed referenced the disputed land as a controlling monument, and therefore, he could have only conveyed property up to the blazed and painted land. Busque argues that Burnham's interpretation of the deed ignores the reference to the Proprietor's Plan and would make calls in the deed erroneous.

Interpretation and construction of a deed is a question of law for the court. *First Hartford Corp. v. Kennebec Water Dist.*, 490 A.2d 1209, 1211 (Me. 1985). When interpreting a deed, the "court first gives the words of the deed their general and ordinary meaning to see if they create an ambiguity. If no ambiguity exists, then those words alone determine the parties' intent." *Wentworth v. Sebra*, 2003 ME 97, ¶ 10, 829 A.2d 520, 524 (internal quotations omitted) (citations omitted).

Giving the language of the deed its general and ordinary meaning, the deed does not contain any ambiguities. In referencing the Proprietor's Plan,[11] the calls of the deed convey Lots 68 and 69, including the disputed land, to Peter Busque. The course begins in the eastern corner of Lot 63 and calls for the property outline to continue S 37°W to the southerly corner of Lot 70. The deed states that the measurement of this distance is

---

[10] Burnham addressed only the counts based on the covenants (count I-III, V) and argues that because Count IV (misrepresentation) lacked an evidentiary basis, the court should dismiss it, or in the alternative, enter summary judgment on Count IV. Other than proclaiming that Count IV lacks an evidentiary basis, Burnham did not provide any facts or argument about this count. Consequently, dismissal and summary judgment would be improper on count IV.

[11] Burnham and the Plaintiffs dispute, but do not properly controvert, that the various deeds reference the Proprietor's Plan. Even assuming that the warranty deed does not reference the Plan, a genuine issue of material fact regarding the boundary line still exists because the distance measurements and the amount of property conveyed in the deed clearly account for the disputed property.

14

approximately 3692 feet; the only way to arrive at this amount, as displayed in Wood's survey, is to include the disputed land in Lot 69. Similarly, all the measurements of the relevant distances contained in the deed necessarily include the disputed property. The deed also conveys 228 acres of property, and again, to arrive at that amount, the disputed property must be included in the calculation.

To support his argument that he only conveyed property up to the blazed and painted line Burnham relies on *Edmonds v. Becker*, 434 A.2d 1012 (Me. 1981) and *Howe v. Natale*, 451 A.2d 1198 (Me. 1982). These cases stand for the proposition that the "land of an adjacent owner is a monument[] and a call to a monument takes priority over a conflicting distance call." *Edmonds*, 434 A.2d at 1013. *See also Howe*, 451 A.2d at 1202. Monuments will not be given priority, however, if doing so produces absurd results. *Harborview Condominium Ass'n v. Pinard*, 603 A.2d 872, 873 (Me. 1992) (citation omitted). Burnham's dependence on the priority of monuments requires a finding that Plaintiffs Paul and Roberta Niehaus adversely possess the disputed area. As discussed *supra*, there remain genuine issues of material fact concerning the adverse possession claims, producing, at this procedural stage, an absurd result regarding Burnham's so-called monument.[12] Consequently, Busque has raised a genuine issue of material fact regarding the extent of Burnham's liability.

## III. DECISION, ORDERS AND JUDGMENT

The clerk will make the following entries onto the docket of this case as the Decision, Orders and Judgment of this court: M.R.Civ.P. 79(a).

---

[12] Burnham also did not supply any statements of material fact proving that the Niehauses adversely possess the disputed property. Since his interpretation of the deed requires no genuine issues of material fact concerning the adverse possession claim, Burnham's failure to supply any statements of material fact on this point creates a factual issue.

15

A. The plaintiffs' (Niehaus) Motion for Summary Judgment is denied.

B. The defendant's (Brusque) Amended Motion for Summary Judgment on Counts II, V and VI of the plaintiffs' complaint is granted, but is denied as to the remaining counts of plaintiffs' complaint.

C. The defendant's Motion for Summary Judgment is denied as to his counterclaim.

D. The defendant's Motion for Summary Judgment is denied as to his third-party complaint.

E. The third-party defendant's (Burnham) Motion for Summary Judgment is denied.

F. Judgment is entered for defendant Brusque on Counts II, V and VI of plaintiffs' complaint, no costs are awarded.

SO ORDERED.

Dated: __February 23, 2006__

_____
Thomas E. Delahanty II
Justice, Superior Court

16

PAUL NIEHAUS  - PLAINTIFF

Attorney for: PAUL NIEHAUS
PAUL WATSON  - RETAINED 07/06/2004
PO BOX 1974
RT 35 SEBAGO COMMON #5
WINDHAM ME 04062


ROBERTA J NIEHAUS  - PLAINTIFF

Attorney for: ROBERTA J NIEHAUS
PAUL WATSON  - RETAINED 07/06/2004
PO BOX 1974
RT 35 SEBAGO COMMON #5
WINDHAM ME 04062


MICHELLE BUSQUE-INTERPLR DISMISSED  - PLAINTIFF

Attorney for: MICHELLE BUSQUE-INTERPLR DISMISSED
AARON K BALTES  - RETAINED 07/28/2004
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112



vs
PETER J BUSQUE  - DEFENDANT

Attorney for: PETER J BUSQUE
AARON K BALTES  - RETAINED 07/28/2004
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


BANKNORTH, N.A. - DEFENDANT

Attorney for: BANKNORTH, N.A.
MICHAEL HILL  - RETAINED 08/12/2004
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046


CARL E. BURNHAM  - THIRD PARTY DEFENDANT

Attorney for: CARL E. BURNHAM
DAVID S TURESKY  - WITHDRAWN 09/06/2005
LAW OFFICE OF DAVID TURESKY
477 CONGRESS STREET STE 400
PORTLAND ME 04101-3409

Attorney for: CARL E. BURNHAM
STEPHEN BURLOCK  - RETAINED 03/28/2005
WEATHERBEE WOODCOCK ET AL

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-RE-2004-00042

**DOCKET RECORD**

PO BOX 1127
BANGOR ME 04402-1127

Attorney for: CARL E. BURNHAM
CHARLES BEAN  - RETAINED 08/18/2004
PO BOX 2267
170 OCEAN STREET
SOUTH PORTLAND ME 04116-2267

Filing Document: COMPLAINT                    Minor Case Type: OTHER REAL ESTATE
Filing Date: 07/06/2004

## Docket Events:

07/06/2004 FILING DOCUMENT - COMPLAINT FILED ON 07/06/2004

07/06/2004 Party(s):  PAUL NIEHAUS
           ATTORNEY - RETAINED ENTERED ON 07/06/2004
           Plaintiff's Attorney: PAUL WATSON

           Party(s):  ROBERTA J NIEHAUS
           ATTORNEY - RETAINED ENTERED ON 07/06/2004
           Plaintiff's Attorney: PAUL WATSON

07/16/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/16/2004

07/16/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/09/2004
           UPON PETER  J. BUSQUE, BY HAND.  DB

07/21/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 07/21/2004

07/21/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 07/13/2004
           UPON BANKNORTH, N.A. TO PAUAL R. WATSON, ESQ.  DB

07/28/2004 Party(s):  PAUL NIEHAUS
           SUPPLEMENTAL FILING - THIRD-PARTY COMPLAINT FILED ON 07/28/2004
           OF PETER J. BUSQUE WITH EXHIBIT A. DB

07/28/2004 Party(s):  PETER J BUSQUE
           RESPONSIVE PLEADING - COUNTERCLAIM FILED ON 07/28/2004
           OF PETER J. BUSQUE.  DB

07/28/2004 Party(s):  PETER J BUSQUE
           RESPONSIVE PLEADING - ANSWER FILED ON 07/28/2004
           OF DEFENDANT PETER J. BUSQUE.  DB

07/28/2004 Party(s):  PETER J BUSQUE
           MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 07/28/2004
           OF THIRD PARTY PLAINTIFF PETER J. BUSQUE WITH INCORPORATED MEMORANDUM OF LAW AND PROPOSED

ORDER. DB

07/28/2004 Party(s): MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - OTHER MOTION FILED ON 07/28/2004
MOTION FOR JOINDER WITH INCORPORATED MEMORANDUM OF LAW WITH PROPOSED ORDER. DB

07/28/2004 Party(s): MICHELLE BUSQUE-INTERPLR DISMISSED
ATTORNEY - RETAINED ENTERED ON 07/28/2004
Plaintiff's Attorney: AARON K BALTES

Party(s): PETER J BUSQUE
ATTORNEY - RETAINED ENTERED ON 07/28/2004
Defendant's Attorney: AARON K BALTES

07/28/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 07/28/2004
THOMAS D WARREN , JUSTICE

08/12/2004 Party(s): BANKNORTH, N.A.
RESPONSIVE PLEADING - ANSWER FILED ON 08/12/2004
OF PARTY IN INTEREST BANKNORTH, N.A. DB

08/12/2004 Party(s): BANKNORTH, N.A.
ATTORNEY - RETAINED ENTERED ON 08/12/2004
Defendant's Attorney: MICHAEL HILL

08/16/2004 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 08/13/2004
OF PLAINTIFFS, PAUL A. NIEHAUS AND ROBERTA J. NIEHAUS. AD

08/18/2004 Party(s): PAUL NIEHAUS
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/18/2004

08/18/2004 Party(s): PAUL NIEHAUS
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/29/2004
UPON CARL BURNHAM TO BARRY BRUNHAM, SON.

08/18/2004 Party(s): CARL E. BURNHAM
RESPONSIVE PLEADING - ANSWER TO THIRD PARTY COMP. FILED ON 08/18/2004
THIRD PARTY DEFENDANT CARL BURNHAMS ANSWER TO THIRD PARTY COMPLAINT WITH CERTIFICATE OF
SERVICE, FILED.

08/18/2004 Party(s): CARL E. BURNHAM
ATTORNEY - RETAINED ENTERED ON 08/18/2004

08/19/2004 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/18/2004
OF PLAINTIFFS TO DEFENDANT'S MOTION FOR JOINDER WITH ATTACHED EXHIBIT A (DC)

08/19/2004 Party(s): CARL E. BURNHAM
OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/19/2004
THIRD-PARTY DEFENDANT'S OBJECTION TO MOTION FOR PRRELIMINARY INJUNCTION. AD

08/26/2004 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED

OTHER FILING - REPLY MEMORANDUM FILED ON 08/25/2004
OF DEF. PETER BUSQUE AND INTERPLEADER PLAINTIFF MICHELLE BUSQUE IN SUPPORT OF MOTION FOR
JOINDER  (DC)

08/26/2004 Party(s):  PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
           OTHER FILING - REPLY MEMORANDUM FILED ON 08/25/2004
           OF DEFENDANT PETER BUSQUE AND INTERPLEADER PLAINTIFF MICHELLE BUSQUE IN SUPPORT OF MOTION
           FOR PRELIMINARY INJUNCTION  (DC)

08/30/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 08/30/2004

08/30/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 08/16/2004
           BY CHARLES BEAN, ESQ ON BEHALF OF CARL BURNHAM

09/03/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/03/2004

09/03/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 08/02/2004
           BY PAUL WATSON, ESQ  ON BEHALF OF PAUL AND ROBERT NIEHAUS OF INTERPLEADER COMPLAINT

09/03/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/03/2004

09/03/2004 Party(s):  PAUL NIEHAUS
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 08/02/2004
           BY PAUL WATSON, ESQ ON BEHALF OF PAUL AND ROBERTA NIEHAUS OF INTERPLEADER COMPLAINT

09/07/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/07/2004
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE

09/22/2004 ORDER - SCHEDULING ORDER ENTERED ON 09/22/2004
           THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
           DISCOVERY DEADLINE IS MAY 23, 2005. ON 09-22-04 COPIES MAILED TO PAUL WATSON, MICHAEL
           HILL, CHALRES BEAN AND AARON BALTES, ESQS. AD

09/22/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/23/2005

09/23/2004 Party(s):  PETER J BUSQUE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/23/2004
           INTERROGATORIES PROPOUNDED TO PLAINTIFFS PAUL & ROBERTA NIEHAUS, REQUEST FOR PRODUCTION OF
           DOCUMENTS  PROPOUNDED TO PLAINTIFS PAUL & ROBERTA NIEHAUS SERVED ON PAUL . WATSONN, ESQ.
           ON 9/22/04.(LJ)

09/23/2004 Party(s):  PETER J BUSQUE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/23/2004
           INTERROGATORIES PROPOUNDED TO THIRD-PARTY DEFENDANT CARL BURNHAM AND REQUE ST FOR
           PRODUCTION OF DOCUMENTS PROPOUNDED TO THIRD-PARTY DEFENDANT CARL BURNHAM SERVED ON CHARLES
           R. BEAN, ESQ. ON 9/22/04.(LJ)

10/19/2004 Party(s):  MICHELLE BUSQUE-INTERPLR DISMISSED

MOTION - OTHER MOTION GRANTED ON 10/18/2004
THOMAS E HUMPHREY , SUPERIOR COURT CHIEF JUSTICE
MOTION FOR JOINDER WITH INCORPORATED MEMORANDUM OF LAW WITH PROPOSED ORDER.DB; THE MOTION
IS HEREBY GRANTED. MR. & MRS. NIEHAUS SHALL HAVE 20 DAYS FROM TH EDATE OF THIS ORDER TO
FILE AN ANSWER TO MRS. BUSQUE'S INTERPLEADER COMPLAINT. ON 10-19-04 COPIES MAILED TO AARON
BALTES, PAUL WATSON, MICHAEL HILL AND CHARLES BEAN, ESQS. AD

10/25/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/25/2004
PLAINTIFFS' ANSWERS TO INTERROGATORIES AND PLAINTIFFS' RESPONSES TO REQUEST FOR PRODUCTION
OF DOCUMENTS PROPOUNDED TO PLAINTIFFS PAUL & ROBERTA NIEHAUS SERVED ON AARON BALTES, ESQ.,
CHARLES BEAN, ESQ. AND MICHAEL HILL, ESQ. ON 10-22-04   (DC)

11/01/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
RESPONSIVE PLEADING - ANSWER FILED ON 11/01/2004
OF PLAINTIFFS TO INTERPLEADER COMPLAINT (GM)

11/03/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/03/2004
PLAINTIFFS' INTERROGATORES PROPOUNDED TO DEFENDANTS  PETERR J BUSQUE AND MICHELLE BUSQUE
SERVED ON AARON K BALTES,CHARLES R BEAN, MICHAEL H HILL, ESQUIRES ON 11/2/04 AND
PLAINTIFFS REQUEST FOR DOCUMENTS PROPOUNDED TO DEFENDANTS PETER J  AND MICHELLE BUSQUE
SERVED UPON AARON K BALTES, CHARLES R BEAN, MICHAEL H HILL, ESQUIRES ON 11/2/04 .(LJ)

11/05/2004 Party(s):  PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/05/2004
PETER & MICHELLE BUSQUE'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS SERVED ON PAUL B. WATSON ESQ. ON 11-4-04 (GM)

11/12/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/12/2004
PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO T/P
DEFENDANT, CARL E. BURNHAM, SERVED ON AARON K. BALTES, CHARLES R. BEAN AND MICHAEL H. HILL
ESSQS ON 11-10-04 (M)

11/18/2004 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 11/18/2004
SHARON MCHOLD, ESQ. TO MEDIATE MATTER ON 1-4-05 (GM)

01/11/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/11/2005
DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON PAUL B. WATSON ESQ. ON 1-10-05
(GM)

01/14/2005 ORDER - REPORT OF ADR CONF/ORDER FILED ON 01/14/2005
CASE IS UNRESOLVED. ON 01-19-05 COPIES MAILED TO PAUL WATSON, AARON BALTES, CHARLES BEAN
AND MICHAEL HILL, ESQS. AD

01/24/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/24/2005
DEFENDANT'S SUPPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED  ON  PAUL B. WATSON, ESQ. ON 1/21/05 (LJ)

01/31/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/31/2005
NOTICE OF DEPOSITION OF WILLIAM A DAY JR & SONS, INC. AND NOTICE OF DEPOSITION OF CARL E
BURNHAM SERVED ON AARON K. BALTES, ESQ., CHARLES R. BEAN, ESQ. AND MICHAEL H. HILL, ESQ.
ON 1/28/05. (LJ)

02/03/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/03/2005
DEFENDANT'S EXPERT WITNESS DESIGNATION SERVED ON PAUL B WATSON, ESQ. ON 2/2/05. (LJ)

02/18/2005 Party(s):  CARL E. BURNHAM
OTHER FILING - ENTRY OF APPEARANCE FILED ON 02/17/2005
OF DAVID TURESKY, ESQ. AS COUNSEL FOR THIRD-PARTY DEFENDANT, CARL E. BURNHAM.

02/18/2005 Party(s):  CARL E. BURNHAM
ATTORNEY - RETAINED ENTERED ON 02/17/2005

02/18/2005 Party(s):  CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 02/17/2005
OF THIRD-PARTY DEFENDANT'S CONSENSUAL MOTION FOR ENLARGEMENT OF TIME. AD

02/23/2005 Party(s):  CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/23/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED & ADJUDGED THAT THE THIRD-PARTY DEF BE GRANTED 30  DAYS FOR
DESIGNATION OF HIS EXPERT WITNESSES. ALL OTHER DEADLINES IN THE SCHEDULING ORDER OF SEP.
22, 04 INCLUDING THE DD, SHALL NOT OTHERWISE BE AFFECTED. SO ORDERED. THE CLERK IS
DIRECTED TO MAKE ALL DOCKET ENTRIES WITH THIS MANDATE, ALL PURSUANT TO RULE 79(A) OF THE
ME. RULES OF CIVIL PROCEDURE. ON 02-23-05 COPIES MAILED TO  CHARLES BEAN, DAVID TURESKY,
PAUL WATSON, AARON BALTES AND MICHAEL HILL, ESQS. AD

03/22/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/22/2005
NOTICE TO TAKE ORAL DEPOSITION OF CARL BURNHAM SERVED ON DAVID TURESKY, ESQ. ON 03/21/05
(JBG).

03/22/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/22/2005
NOTICE TO TAKE ORAL DEPOSITION OF PAUL AND ROBERTA NIEHAUS SERVED ON PAUL B. WATSON, ESQ.
ON 03/21/05 (JBG).

03/24/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/24/2005
DEFENDANT'S FIRST AMENDED EXPERT WITNESS DESIGNATION SERVED ON PAUL B. WATSON, ESQ. ON
03/23/05 (JBG).

03/24/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
MOTION - MOTION EXTEND DISCOVERY FILED ON 03/24/2005
OF PLAINTIFFS, PAUL A. NIEHAUS AND ROBERTA J. NIEHAUS MOTION TO EXTEND DISCOVERY DEADLINE.
AD

03/28/2005 Party(s):  CARL E. BURNHAM

ATTORNEY - RETAINED ENTERED ON 03/28/2005

03/28/2005 Party(s): CARL E. BURNHAM
LETTER - FROM PARTY FILED ON 03/28/2005
LETTER FROM STEPHEN J BURLOCK, ESQ. REQUESTING COPY OF DOCKET SHEET WITH $7.00 FEE. COPY
OF DOCKET SHEET MAILED SAME DATE. (LH)

03/29/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION TO AMEND PLEADING FILED ON 03/29/2005
OF THIRD-PARTY DEFENDANT'S MOTION TO AMEND PLEADINGS; REQUEST FOR HEARING. CERTIFICATE OF
SERVICE OF DAVID TURESKY, ESQ. AD

03/29/2005 Party(s): CARL E. BURNHAM
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE AMENDED ON 03/29/2005
THIRD-PARTY DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES. AD

03/31/2005 Party(s): PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/31/2005
DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES SERVED ON PAUL B. WATSON,
ESQ. ON 03/30/05 (JBG).

04/01/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION TO AMEND PLEADING GRANTED ON 03/31/2005
THOMAS E DELAHANTY II, JUSTICE

04/01/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 03/31/2005
THOMAS E DELAHANTY II, JUSTICE
PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE IS HEREBY GRANTED. THE DISCOVERY DEADLINE
IS NOW JULY 7, 2005. ON 04-01-05 COPIES MAILED TO MICHAEL HILL, STEPHEN BURLOCK, DAVID
TURESKY, AARON BALTES, PAUL WATSON AND CHARLES BEAN, ESQS. AD

04/01/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION TO AMEND PLEADING FILED ON 03/29/2005
OF THIRD-PARTY DEFENDANT, CARL E. BURNHAM MOTION TO AMEND PLEADINGS. AD

04/05/2005 Party(s): CARL E. BURNHAM
LETTER - FROM PARTY FILED ON 04/05/2005
FROM DAVID S. TURESKY, ESQ. STATING THAT AARON BALTES DOES NOT OBJECT TO THE MOTION TO
AMEND THE 3RD PARTY DEFENDANT'S AFFIRMATIVE DEFENSE (JBG).

04/11/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/11/2005
T/P DEFENDANT'S ANSWERS TO THOSE INTERROGATORIES PROPOUNDED BY THE PLAINTIFFS SERVED ON
PAUL B. WATSON, AARON K. BALTES AND MICHAEL H. HILL ESQS ON 4-8-05 (GM)

04/12/2005 CERTIFY/NOTIFICATION - CLERK CERTIFICATE ISSUED ON 04/12/2005
ORIGINAL CLERK'S CERTIFICATE BROUGHT OVER TO CUMBERLAND COUNTY REGISTRY OF DEEDS; COPY IN
FILE (JBG).

04/14/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION TO AMEND PLEADING GRANTED ON 04/14/2005
THOMAS E DELAHANTY II, JUSTICE

IT IS HEREBY ORDERED THAT THE THIRD-PARTY DEFENDANT''S MOTION BE GRANTED. HIS AFFIRMATIVE DEFENSES SHALL BE AMENDED AND EXPANDED ACCORDINGLY. SO ORDERED. THE CLERK IS DIRECTED TO MAKE ALL APPROPRIATE DOCKET ENTIRES CONSISTENT WITH THIS MANDATE, ALL PURSUANT TO RULE 79(A) OF THE MAINE RULES OF CIVIL PROCEDURE. ON 04-14-05 COPIES MAILED TO MICHAEL HILL, STEPHEN BURLOCK AND CHARLES BEAN, ESQS. AD

05/02/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/02/2005
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT PETER J BUSQUE SERVED ON AARON K
BALTES, ESQ. ON 4/29/05. (LH)

05/03/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/03/2005
3RD PARTY DEFENDANT CARL E. BURNHAM'S 1ST SET OF INTERROGATORIES PROPOUNDED TO 3RD PARTY
PLAINTIFF PETER J. BUSQUE AND 3RD PARTY DEFENDANT CARL E. BURNHAM'S 1ST REQUEST FOR
PRODUCTION OF DOCUMENTS TO 3RD PARTY PLAINTIFF PETER J. BUSQUE SERVED ON AARON K. BALTES,
ESQ. ON 04/29/05 (JBG).

05/11/2005 Party(s): PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/11/2005
THIRD-PARTY PLAINTIFF'S OBJECTIONS TO THIRD-PARTY DEFENDANT'S INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS SERVED ON STEPHEN J BURLOCK,ESQ ON 05-09-05 (JW)

05/19/2005 Party(s): PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/19/2005
AMENDED NOTICE TO TAKE ORAL DEPOSITION OF CARL E BURNHAM AND NOTICE TO TAKE ORAL
DEPOSITION OF NANCY FORD SERVED ON STEPHEN BURLOCK ESQ ON 05-18-2005 (JW)

05/20/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/20/2005
NOTICE TO TAKE DEPOSITION OF PETER J. BUSQUE SERVED ON AARON K. BALTES ESQ. ON 5-19-05
(GM)

05/23/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/23/2005
OF PLAINTIFFS' NOTICE OF ORAL DEPOSITION OF MATTHEW W. EK, PLS SERVED UPON AARON K.
BALTES, ESQ. ON 5-20-05. AD

05/24/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/24/2005
THIRD PARTY DEFENDANT, CARL E. BURNHAM'S, REVISED ANSWER TO INTERROGATORY 17 AS PROPOUNDED
BY THE PLAINTIFFS SERVED ON PAUL B. WATSON, ESQ. ON 5-23-05 (GM)

05/24/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/24/2005
THIRD PARTY DEFENDANT, CARL E. BURNHAM'S, ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR DOCUMENTS PROPOUNDED BY THIRD PARTY PLAINTIFF, PETER J. BUSQUE, SERVED ON
AARON K. BALTES, ESQ. ON 5-23-05 (GM)

05/25/2005 Party(s): PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/25/2005
OBJECTIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO NOTICE OF ORAL DEPOSITION
OF MATTHEW W. EK, P.L.S. SERVED ON PAUL B. WATSON, ESQ. ON 5-24-05 (DC)

05/26/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/26/2005
OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO AMENDED NOTICES TO TAKE ORAL
DEPOSITIONS OF FRED A. HUNTRESS, JR AND ROBERT A YARUMIAN, III SERVED ON AARON BALTES,
ESQ. ON 5-25-05  (DC)

05/27/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/27/2005
OF PLAINTIFFS' NOTICE OF ORAL DEPOSITION OF WAYNE T. WOOD, P.L.S; OF DAVID PARKER;
MICHELLE BUSQUE; SERVED UPON 5-26-05; OF PLAINTIFFS' NOTICE OF ORAL DEPOSITION OF
BANKNORTH, N.A. SERVED UPON MICHAEL HILL, ESQ. ON 5-26-05. AD

05/31/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/31/2005
DEFENDANTS RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS SERVED ON PAUL B WATSON
ESQ ON 05-27-05 (JW)

06/07/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/07/2005
AMENDED NOTICE OF ORAL DEPOSITION  OF WAYNE T. WOOD, P.L.S., DAVID PARKER AND MATTHEW W.
ELK SERVED ON AARON K. BALTES, ESQ. ON 6-6-05. AND AMENDED NOTICE OF ORAL DEPOSITION OF
BANKNORTH, NA. SERVED ON MICHAEL H. HILL ESQ. ON 6-6-05 (GM)

06/17/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/17/2005
AMENDED NOTICES OF ORAL DEPOSITIONS OF MICHELLE BUSQUE AND MATTHEW W. EK SERVED ON AARON
BALTES, ESQ. AND AMENDED NOTICE OF ORAL DEPOSITION OF BANKNORTH N.A. SERVED ON MICHAEL
HILL, ESQ. ALL ON 6-17-05  (DC)

06/20/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/20/2005
SECOND AMENDED NOTICE TO TAKE ORAL DEPOSITION OF CARL E. BURNHAM SERVED ON STEPHEN
BURLOCK, ESQ. ON 6-17-05  (DC)

06/20/2005 Party(s):  PETER J BUSQUE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/20/2005
OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO AMENDED NOTICE OF ORAL
DEPOSITION OF MATTHEW W. EK, P.L.S. SERVED ON PAUL WATSON, ESQ. ON 6-17-05  (DC)

06/23/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/23/2005
OF PLAINTIFFS' AMENDED NOTICE OF ORAL DEPOSITION OF WAYNE T. WOOD AND PLAINTIFFS' AMENDED
DESIGNATIKNO OF EXPERT WITNESSES SERVED ON UPON AARON K. BALTES, STEPHAN J. BURLOCK AND
MICHAEL HILL, ESQ. ON 06-22-05.  AD

06/29/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/29/2005
SUPPLEMENTAL DISCOVERY MATERIALS FROM FRED A HUNTRESS, JR. SERVED ON AARON BALTES, STEPHEN
BURLOCK, AND MICHAEL HILL, ESQS. ON 06/28/05 (JBG).

07/05/2005 Party(s):  PETER J BUSQUE
MOTION - MOTION EXTEND DISCOVERY FILED ON 07/01/2005

OF DEFENDANT/COUNTERCLAIM PLAINTIFF UNOPPOSED MOTION FOR EXTENSION OF DISCOVERY DEADLINE
WITH INCORPORATED MEMORANDUM OF LAW. AD

07/06/2005 Party(s):  PETER J BUSQUE
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 07/05/2005
THOMAS E DELAHANTY II, JUSTICE
THE DISCOVERY DEADLINE IS HEREBY EXTENDED TO AUGUST 8, 2005. ON 07-06-05 COPIES MAILED TO
DAVID TURESKY, MICHAEL HILL, STEPHEN BURLOCK, CHARLES BEAN  AARON BALTES AND PAUL WATSON,
ESQS. AD

08/02/2005 Party(s):  PETER J BUSQUE
SUBPOENA - SUBPOENA TO TESTIFY FILED ON 08/02/2005
FOR DEPOSITION (JW)

08/02/2005 Party(s):  PETER J BUSQUE
SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 07/26/2005
UPON CHARLES BEAN ESQ  (JW)

08/03/2005 Party(s):  PETER J BUSQUE
LETTER - FROM PARTY FILED ON 08/03/2005
FROM AARON BALTES ESQ ADVISING THE COURT THAT PETER BUSQUE WITHDRAWS  HIS MOTION FOR
PRELIMINARY INJUNCTION (JW)

08/03/2005 Party(s):  PETER J BUSQUE
MOTION - MOTION PRELIMINARY INJUNCTION WITHDRAWN ON 08/03/2005
PER LETTER FROM AARON BALTES ESQ ON BEHALF OF PETER BUSQUE (JW)

08/08/2005 ORDER - FINAL PRETRIAL ORDER ENTERED ON 08/08/2005
THOMAS E DELAHANTY II, JUSTICE
RULE 169B) PRETRIAL ORDER ENTERED. ON 08-08-05 COPIES MAILED TO PAUL WATSON, STEPHEN
BURLOCK, AARON BALTES AND DAVID TURESKY, ESQS.

08/10/2005 Party(s):  PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/10/2005
OF DEFENDANT, PETER & MICHELLE BUSQUE WITNESS AND EXHIBIT LIST SERVED ON PAUL B. WATSON,
ESQ. ON AUGUST 9, 2005. AD

08/16/2005 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 08/16/2005
ESTIMATE OF 3-4 DAYS FOR TRIAL (JW)

08/18/2005 Party(s):  PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/18/2005
NOTICE TO TAKE ORAL DEPOSITION OF CHARLES R BEAN ESQ SERVED ON HARRISON RICHARDSON ESQ ON
8-17-05 (JW)

08/18/2005 Party(s):  PAUL NIEHAUS,ROBERTA J NIEHAUS
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/18/2005
PLAINTIFFS WITNESS AND EXHIBIT LIST SERVED UPON AARON BALTES ESQ, STEPHEN J BURLOCK ESQ
AND MICHAEL HILL ESQ ON 8-17-05 (JW)

08/19/2005 Party(s):  PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/19/2005
PETER BUSQUE'S WITNESS & EXHIBIT LIST SERVED ON PAUL WATSON, ESQ. ON 08/18/05 (JBG).

Printed on: 03/03/2006

08/22/2005 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION EXTEND DISCOVERY FILED ON 08/18/2005
UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINE WITH INCORPORATED MEMORANDUM OF LAW. AD

08/23/2005 Party(s): CARL E. BURNHAM
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/23/2005
THIRD-PARTY DEFENDANT CARL E. BURNHAM'S WITNESS AND EXHIBIT LIST SERVED ON AARON K.
BALTES, ESQ. PAUL B. WATSON, ESQ. AND MICHAEL H. HILL, ESQ. ON AUGUST 22, 2005. AD

08/25/2005 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 08/24/2005
THOMAS E DELAHANTY II, JUSTICE
ON THE MOTION OF DEFENDANT, PETER BUSQUE, WITHOUT OPPOSITION, THE DISCOVERY DEADLINE IS
HEREBY EXTENDED TO AUGUST 29, 2005. ON 08-25-05 COPIES MAILED TO STEPHEN BURLOCK, AARON
BALTES, DAVID TURESKY, PAUL WATSON, CHARLES BEAN AND MICHAEL HILL, ESQS. AD

08/30/2005 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/30/2005
DEFENDANTS, PETER & MICHELLE BUSQUE'S FIRST AMENDED WITNESS & EXHIBIT LIST SERVED ON PAUL
B. WATSON, ESQ. ON AUGUST 29, ,2005. AD

09/01/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED ON 08/31/2005
OF DAVID TURESKY, ESQ. AS COUNSEL FOR THIRD-PARTY DEFENDANT TO CARL E. BRUNHAM. AD

09/01/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/01/2005
THIRD-PARTY DEFENDANT, CARL E. BURNHAM MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT
OF THIRD-PARTY DEFENDANT CARL E. BURNHAM'S MOTION FOR SUMMARY JUDGMENT; STATEMENT OF
MATERIAL FACTS IN SUPPORT OF THIRD-PARTY DEFENDANTCARL E. BURNHAM'S MOTION FOR SUMMARY
JUDGMENT WITH EXHIBITS A THRU H; REQUEST FOR HEARING. AD

09/08/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/06/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED AND ADJUDGED THAT THE FOREGOING MOTIONS IS GRANTED, WITHOUT
OPPOSITION, AND THAT MR. TURESKY IS GIVEN LEAVE TO WITHDRAW, AS AFORESAID, FORTHWITH. SO
ORDERED. THE CLERK IS ORDERED TO MAKE ALL APPROPRIATE DOCKET ENTRIES CONSISTENT WITH THIS
MANDATE, ALL PURSUANT TO RULE 79(A) OF THE MAINE RULES OF CIVIL PROCEDURE. ON 09-07-05
COPIES MAILED TO AARON BALTES, PAUL WATSON AND DAVID TURESKY, ESQS. AD

09/08/2005 Party(s): CARL E. BURNHAM
ATTORNEY - WITHDRAWN ORDERED ON 09/06/2005

09/14/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION PARTIAL SUMMARY JUDG FILED ON 09/13/2005
OF PLAINTIFFS'; MEMORANDUM O FLAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT; STATEMENT OF MATERIAL FACTS WITH EXHIBITS 1 THRU 23. REQUEST FOR HEARING. AD

09/22/2005 Party(s): PETER J BUSQUE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/22/2005
THIRD-PARTY PLAINTIFF PETER BUSQUE'S UNOPPOSED MOTION TO EXTEND DEADLINE TO REPLY TO CARL

BURNHAM'S MOTION FOR SUMMAY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW. AD

09/23/2005 Party(s): PETER J BUSQUE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/23/2005
THOMAS E DELAHANTY II, JUSTICE
HIS DEADLINE TO RESPOND TO CARL BURNHAM'S MOTION FOR SUMMARY JUDGMENT IS HEREBY EXTENDED
TO SEPTEMBER 28, 2005. ON 09-23-05 COPIES MAILED TO MICHAEL HILL, STEPHEN BURLOCK AND
CHARLES BEAN, ESQS. AD

09/28/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/28/2005
OF PLAINTIFFS, PAUL A. NIEHAUS AND ROBERTA J. NIEHAUS MOTION TO EXTEND DEADLINE TO REPLY
TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT. AD

09/29/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/28/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY  GRANTED. THE FILING DEADLINE FOR PLAINTIFFS' REPLY MEMORANDUM AND REPLY
STATEMENT OF MATERIAL FACTS IS NOW OCTOBER 19, 2005. THE FILING DEADLINE FOR THIRD-PARTY
DEFENDANT'S CORRESPONDING REPLIES IS ALSO SET AT OCTOBER 19, 2005. ON 09-30-05 COPIES
MAILED TO AARON BALTES, MICHAEL HILL, CHARLES BEAN, STEPHEN BURLOCK AND PAUL WATSON, ESQS.
AD

09/29/2005 Party(s): PETER J BUSQUE
MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/28/2005
OF DEFENDANT/COUNTERCLAIM PLAINTIFF PETER BUSQUE'S MOTION FOR SUMMARY JUDGMENT WITH
INCORPORATED MEMORANDUM OF LAW; DEFENDANT/COUNTERCLAIM PLAINTIFF PETER BUSQUE'S SUPPORTING
STATEMENT OF MATERIAL FACTS WITH A THRU D. AD

09/29/2005 Party(s): PETER J BUSQUE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/28/2005
OF DEFENDANT/COUNTERCLAIM PLAINTIFF PETER BUSQUE'S OPPOSITION TO CARL BURNHAM'S MOTION FOR
SUMMARY JUDGMENT; DEFENDANT/COUNTERCLAIM PLAINTIFF PETER BUSQUE'S OPPOSING STATEMENT OF
MATERIAL FACTS TO CARL BLURHAM'S STATEMENT OF MATERIAL FACTS.

09/29/2005 Party(s): PETER J BUSQUE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/28/2005
OF DEFENDANT/COUNTERCLAIM PLAINTIFF, PETER BUSQUE'S OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT; DEFENDANT/COUNTERCLAIM PLAINTIFF, PETER BUSQUE'S OPPOSING STATEMENT OF
MATERIAL FACTS TO THE PLAINTIFFS' STATEMENT OF MATERIAL FACTS. AD

09/29/2005 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION TO DISMISS FILED ON 09/28/2005
UNOPPOSED MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW. AD

09/30/2005 Party(s): PETER J BUSQUE
MOTION - MOTION TO AMEND PLEADING FILED ON 09/29/2005
OF PETER BUSQUE'S MOTION TO AMEND MOTION FOR SUMMARY JDUGMETN WITH INCORPORATRED
MEMORANDUM OF LAW. AD

09/30/2005 Party(s): PETER J BUSQUE
MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/29/2005
OF DEFENDANT/COUNTERCLAIM PLAINTIFF, PETER BUSQUE'S AMENDED MOTION FOR SUMMARY JUDGMENT

WITH INCORPORATED MEMORANDUM OF LAW.

10/03/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/03/2005
OF THIRD-PARTY DEFENDANT, CARL E. BURNHAM MOTION TO EXTEND DEADLINE TO REPLY TO DEFENDANT,
BUSQUE'S OPPOSITION TO THIRD-PARTY DEFENDANT BURNHAM 'S MOTION FOR SUMMARY JUDGMENT. AD

10/03/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/03/2005
THOMAS E DELAHANTY II, JUSTICE
COUNT II & III OF PETER BUSQUE'S COUNTERCLAIM, COUNT V OF PETER BUSQUE'S THIRD-PARTY
COMPLAINT, AND THE ENTIRELY OF MICHELLE BUSQUE'S INTERPLEADER COMPLAINT ARE HEREBY
DISMISSED WITHOUT PREJUDICE OR COSTS TO ANY PARTY. ON 10-03-05 COPIES MAILED TO STEPHEN
BURLOCK, MICHAEL HILL, CHARLES BEAN AND PAUL WATSON, ESQS. AD

10/04/2005 Party(s): PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION TO DISMISS GRANTED ON 10/03/2005
THOMAS E DELAHANTY II, JUSTICE
THE MOTION IS GRANTED. COUNT II AND III OF PETER BUSQUE'S COUNTERCLAIM, COUNT V OF PETER
BUSQUE'S THIRD-PARTY COMPLAINT, AND THE ENTIRETY OF MICHELLE BUSQUE'S INTERPLEADER
COMPLAINT ARE HEREBY DISMISSED WITHOUT PREJUDICE OR COSTS TO ANY PARTY. ON 10-04-05 COPIES
MAILED TO PAUL WATSON, MICHAEL HILL, STEPHEN BURLOCK, AARON BALTES AND CHARLES BEAN, ESQS.
AD

10/04/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/03/2005
OF THIRD-PARTY DEFENDANT, CARL E. BURNHAM MOTION TO EXTEND DEADLINE TO REPLY TO DEFENDANT
BUSQUE'S OPPOSITION TO THIRD-PARTY DEFENDANT BURNHAM'S MOTION FOR SUMMARY JUDGMENT. AD

10/04/2005 Party(s): CARL E. BURNHAM
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/04/2005
THOMAS E DELAHANTY II, JUSTICE
THIRD-PARTY DEFENDANT BURNHAM'S MOTION TO EXTEND HIS DEADLINE FOR SUBMITTING HIS REPLY
MEMORANDUM AN DREPLYH STATEMENT OF MATERIAL FACTS TO DEFENDANT BUSQUE'S OPPOSITION TO
BURNHAM'S MOTION FOR SUMMARY JUDGMENT IS HEREBY GRANTED AND THE DEADLINE IS EXTENDED TO
OCTOBER 19, 2005. ON 10-4-05 COPIES MAILED TO PAUL WATSON, MICHAEL HILL, STEPHEN BURLOCK,
CHARLES BEAN AND AARON BALTES, ESQS. AD

10/18/2005 Party(s): CARL E. BURNHAM
OTHER FILING - REPLY MEMORANDUM FILED ON 10/18/2005
OF THIRD-PARTY DEF, CARL E. BURNHAM'S MEMORANDUM IN REPLY TO PETER BUSQUE'S OPPOSITION TO
BURNHAM'S MOTION FOR SUMMARY JUDGMENT; THIRD PARTY DEF, CARL E. BURNHAM'S REPLY STATEMENT
OF MATERIAL FACTS TO DEF, PETER BUSQUE'S OPPOSING STATMENT OF MATERIAL FACTS; THIRD PARTYH
DEF, CARL E. BURNHAM'S OPPOSITION OT DEF, PETER BUSQUE'S MOTION FOR SUMMARY JUDGMENT;
THIRD PARTY DEF, CARL E. BURNHAM'S OPPOSING STATEMENT OF MATERIAL FACTS TO DEF, PETER
BUSQUE'S MOTION FOR SUMMARY JUDGMENT. AD

10/20/2005 Party(s): PAUL NIEHAUS,ROBERTA J NIEHAUS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/19/2005
OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO PETER BUSQUE'S AMENDED MOTION FOR
SUMMARY JUDGMENT(TITLE TO REAL ESTATE IS INVOLVED); PLAINTIFFS' OPPOSING STATEMENT OF
MATERIAL FACTS WITH TABLE OF CONTENTS WITH ATTACHMENTS.ENCLOSED WITH TABLE OF CONTENTS IS
AFFIDAVIT OF PAUL A. NIEHAUS DATED OCTOBER 19, 2005. AD

10/20/2005 Party(s):   PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
OTHER FILING - REPLY MEMORANDUM FILED ON 10/19/2005
OF PLAINTIFFS' REPLY MEMORANDUM OF LAW AND PLAINTIFFS' REPLY STATEMENT OF MATERIAL FACTS.
AD

10/20/2005 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 06/20/2006

10/25/2005 Party(s):   PETER J BUSQUE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/25/2005
UNOPPOSED MOTION TO EXTEND DEADLINE TO REPLY TO OPPOSITIONS TO PETER BUSQUE'S MOTION FOR
SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW. AD

10/27/2005 Party(s):   PETER J BUSQUE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/26/2005
THOMAS E DELAHANTY II, JUSTICE
ON THE MOTION OF DEFENDANT, PETER BUSQUE, WITHOUT OPPOSITION, HIS DEADLINE TO RESPOND TO
CARL BURNHAM AND PAUL & ROBERT NEIHAUS'S OPPOSITIONS TO DEFENDANT PETER BUSQUE'S MOTION
FOR SUMMARY JUDGMENT IS HEREBY EXTENDED TO NOVEMBER 2, 2005. ON 10-27-05 COPIES MAILED TO
AARON BALTES, CHARLES BEAN, PAUL WATSON, MICHAEL HILL AND STEPHEN BURLOCK, ESQS. AD

11/02/2005 Party(s):   PETER J BUSQUE
OTHER FILING - REPLY MEMORANDUM FILED ON 11/02/2005
OF PETER BUSQUE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WITH REPLY STATEMENT OF MATERIAL
FACTS (GM)

11/29/2005 Party(s):   PETER J BUSQUE,MICHELLE BUSQUE-INTERPLR DISMISSED
LETTER - FROM PARTY FILED ON 11/29/2005
FROM AARON K. BALTES, ESQ. STATING DEFENDANT, PETER BUSQUE HEREBY REQUESTS A JUDICIAL
SETTLEMENT CONFERENCE IN THIS MATTER. INFORMAL SETTLEMENT NEGOTIATIONS HAVE NOT BEEN
SUCCESSFUL. THEY HAVE CONSULTED WITH THE OTHER PARTIES AND THEY ARE NOT INTERESTED IN A
JUDICIAL SETTLEMENT CONFERENCE AT THIS TIME. DEFENDANT, BUSQUE BELIEVES THAT GETTING THE
PARTIES TOGETHER FOR A JUDICIAL SETTLEMENT CONFERENCE PRESENTS THE BEST CHANCE FOR
RESOLUTION OF THIS CASE WITHOUT AN EXPENSIVE AND TIME-CONSUMING TRIAL

11/30/2005 Party(s):   CARL E. BURNHAM
LETTER - FROM PARTY FILED ON 11/30/2005
FROM STEPHEN BURLOCK, ESQ RQUESTING THAT THE MOTIONS FOR SUMMARY JUDGMENT BE DECIDED PRIOR
TO THE SCHEDULING OF A JUDICIAL SETTLEMENT CONFERENCE   (DC)

12/02/2005 Party(s):   PAUL NIEHAUS,ROBERTA J NIEHAUS
LETTER - FROM PARTY FILED ON 12/02/2005
FROM PAUL WATSON, ESQ INFORMING THE COURT THAT HE AGREES THAT THE PENDING MOTIONS FOR
SUMMARY JUDGMENT SHOULD BE HEARD PRIOR TO A JUDICIAL SETTLEMENT CONFERENCE   (DC)

12/14/2005 Party(s):   PAUL NIEHAUS,ROBERTA J NIEHAUS
LETTER - FROM PARTY FILED ON 12/14/2005
FROM PAUL WATSON, ESQ INFORMING THE COURT THAT THE CASE SHOULD BE SCHEDULED AS 3-4 DAY
TRIAL ON THE JANUARY 9-25 TRIAL LIST RATHER THAN A 2 DAY TRIAL   (DC)

01/27/2006 Party(s):   PAUL NIEHAUS,ROBERTA J NIEHAUS,MICHELLE BUSQUE-INTERPLR DISMISSED
MOTION - MOTION PARTIAL SUMMARY JUDG UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE

COURTS TAKES MATTER UNDER ADVISEMENT; NO RECORD MADE. AD

01/27/2006 Party(s): PETER J BUSQUE
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
COURT TAKES MATTER UNDER ADVISEMENT; NO RECORD MADE. AD

01/27/2006 Party(s): PETER J BUSQUE
MOTION - MOTION TO AMEND PLEADING UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE. AD

01/27/2006 Party(s): PETER J BUSQUE
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE. AD

01/27/2006 HEARING - OTHER MOTION HELD ON 01/05/2006
THOMAS E DELAHANTY II, JUSTICE
HEARING HELD ON THIS DATE. NO RECORD MADE. COURT TAKES MATTER UNDER ADVISEMENT ON ALL
SUMMARY JUDGMENT MOTION. AD

02/06/2006 Party(s): CARL E. BURNHAM
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 01/05/2006

03/03/2006 ORDER - COURT ORDER ENTERED ON 02/24/2006
THOMAS E DELAHANTY II, JUSTICE
DECISION , ORDERS AND JUDGMENT; THE CLEKR WILL MAKE THE FOLLOWING ENTRIES ONTO THE DOCKET
OF THIS CASE AS THE DECISION, ORDERS AND JUDGMENT OF THIS COURT: M.R.CIV.P.79(A). A. THE
PLAINTIFFS' (NIEHAUS) MOTION FOR SUMMARY JUDGMETN IS DENIED. B. THE DEFENDANT'S (BRUSQUE)
AMENDED MOTION FOR SUMMARY JUDGMENT ON COUNTS II, V AND VI OF THE PLAINTIFFS' COMPLAINT IS
GRANTED, BUT IS DENIED AS TO THE REMAINING COUNTS OF PLAINTIFFS' COMPLAINT. THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED AS TO HIS  COUNTERCLAIM. THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT IS DENISED AS TO HIS THIRD-PARTY COMPLAINT. THE THIRD-PARTY
DEFENDANT'S (BURNHAM) MOTION FOR SUMMARYU JUDGMENT IS DENIED. JUDGMENT IS ENTERED FOR
DEFENDANT BRUSQUE ON COUNTS II, V AND VI OF PLAINTIFFS' COMPLAINT, NO COSTS ARE AWARDED.
SO ORDERED. ON 03-03-06 COPIES MAILED TO AARON BALTES, DAVID TURESKY, PAUL WATSON, MICHAEL
HILL, CHARLES BEAN AND STEPHEN BURLOCK, ESQS. MS. DEBORAH FIRESTONE, THE DONALD GARBRECHT
LAW LIBRARY, GOSS MIMEOGRAPH AND LOISLAW.COM. AD

A TRUE COPY
ATTEST: _____
                    Clerk